# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MARIO WILLIAMS, )
)
          Plaintiff, )
)
v. ) No. CIV 14-157-FHS-SPS
)
CORRECTIONS CORPORATION )
OF AMERICA, INC., et al., )
)
          Defendants. )

## OPINION AND ORDER

On May 1, 2014, the court granted plaintiff's motion for leave to proceed *in forma pauperis* and assessed an initial partial filing fee. (Dkt. 6). The defendants subsequently filed a motion pursuant to Fed. R. Civ. P. 60 to reconsider and vacate the order, alleging plaintiff has accrued at least three "strikes" under 28 U.S.C. § 1915(g). (Dkt. 13).[1] Plaintiff alleges in his response to the motion that he has been assessed only one strike from the federal courts. (Dkt. 14). The defendants assert the following three cases should be considered strikes against plaintiff:

*Williams v. Sirmons*, CIV-06-201-FHS-SPS (E.D. Okla. Feb. 26, 2008), *aff'd*, No. 08-7027, was dismissed in part on September 17, 2007, for plaintiff's failure to exhaust the administrative remedies for certain claims. On February 26, 2008, the remaining defendants were dismissed for plaintiff's failure to establish a constitutional violation or to demonstrate personal participation by the defendants.

In *Thomas v. Parker*, 672 F.3d 1182, 1184-85 (10th Cir. 2012), the Tenth Circuit held that the dismissal of a previous case filed by a prisoner should be considered a "strike" under 28 U.S.C. § 1915(g), when part of the claims were dismissed for failure to state a claim, and the remaining claims were dismissed as unexhausted. Plaintiff concedes the dismissal of

---

[1] The defendants do not articulate which section of Fed. R. Civ. P 60 applies to their motion.

Case No. CIV-06-201-FHS-SPS is a strike.

Both *Williams v. Franklin*, No. CIV-06-460-JHP-SPS (E.D. Okla. Mar. 31, 2008), *aff'd*, No. 08-7037 (10th Cir. Dec. 12, 2008), and *Williams v. Corr. Corp. of Am.*, No. 09-468-FHS-SPS (E.D. Okla. Aug 24, 2010), *aff'd*, No. 10-7068 (10th Cir. Jan. 12, 2011), were dismissed pursuant to 42 U.S.C. § 1997e(a) for plaintiff's failure to exhaust administrative remedies. The defendants assert these two cases also are strikes.

In *Thomas* the Tenth Circuit also held that "[t]he congressional purpose of § 1915(g) would be subverted if, by adding unexhausted claims to a complaint that otherwise does not state a claim upon which relief may be granted, a prisoner could repeatedly escape imposition of a strike and thus evade the bar imposed by the three-strikes rule." *Id*. (quoting *Pointer v. Wilkinson*, 502 F.3d 369, 374 (6th Cir. 2007)). Therefore, a strike is not imposed when a case is dismissed for failure to exhaust administrative remedies.

Further, in *Malek v. Reding*, 195 Fed. Appx. 714, 2006 WL 2106811, at *2 (10th Cir. 2006) (unpublished), the Tenth Circuit held:

> [T]he dismissal of a § 1983 complaint for failure to exhaust is not considered a strike, since it is not a dismissal pursuant to § 1915(e)(2)(B). *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) ("[A] dismissal without prejudice counts as a strike [only if] the dismissal is made because the action is frivolous, malicious, or fails to state a claim.").

*Malek*, at 195 Fed. Appx. at 716, 2006 WL 2106811, at *2.

After careful review, the court finds the defendants have failed to show they are entitled to relief under Fed. R. Civ. P. 60. Plaintiff's two dismissals without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) did not constitute strikes.

**ACCORDINGLY,** the defendants' motion to vacate the order granting plaintiff leave to proceed *in forma pauperis* (Dkt. 13) is DENIED.

**IT IS SO ORDERED** this 30th day of March, 2015.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma